IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-498-FL

| | | |
|---|---|---|
| EDDIE LEE WORSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WAKE COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE #6), regarding plaintiff's motion to proceed *in forma pauperis* (DE #1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The M&R recommends this court allow plaintiff to proceed *in forma pauperis* but dismiss plaintiff's claim for lack of subject matter jurisdiction. Plaintiff responded with a one sentence response to the M&R (DE # 10). In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts the M&R and overrules plaintiff's objections.

## BACKGROUND

Plaintiff's complaint is difficult to decipher. However, plaintiff appears to allege he is unable to sustain a living and he is receiving inadequate financial assistance from the Social Security Administration and the Employment Security Commission of North Carolina. It is unclear why plaintiff names Wake County as a defendant. Plaintiff has also moved to file the complaint *in forma pauperis*.

The magistrate judge reviewed plaintiff's motion to proceed *in forma pauperis* and his complaint

pursuant to 28 U.S.C. § 1915. The magistrate judge then entered an M&R recommending that, although plaintiff should be allowed to proceed *in forma pauperis*, his complaint should be dismissed. Plaintiff responded with a one sentence objection espousing general disagreement with the decision and requesting a jury trial.

## DISCUSSION

Pursuant to section 1915, a claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court also must dismiss a matter if it determines it lacks of subject matter jurisdiction at any point in the proceeding. Fed. R. Civ. P. 12(h)(3). Jurisdiction in the federal courts may be based upon the existence of a federal question or upon diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

To assist the court in making such a determination, it may "designate a magistrate judge to submit ... proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which ... specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4 (emphasis added). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

To the extent plaintiff's one sentence response is construed as an objection to the magistrate

2

judge's conclusion that subject matter exists, the court overrules it for the reasons that follow. Here, plaintiff's complaint fails to allege a basis for subject matter jurisdiction in the federal courts, pursuant to 28 U.S.C. § 1331. Additionally, there is no private right of action establishing a cause of action under the instant circumstances. Plaintiff also fails to satisfy diversity of citizenship, pursuant to 28 U.S.C. § 1332, as both parties are citizens of North Carolina for diversity purposes. As a result, plaintiff fails to establish subject matter jurisdiction exists in the federal court.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of the uncontested proposed findings and conclusions, the court ADOPTS as its own the magistrate judge's recommendations (DE # 6) and OVERRULES plaintiff's objection (DE # 10). Although plaintiff's motion to proceed *in forma pauperis* is ALLOWED (DE #1), this matter is DISMISSED without prejudice.[1] The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 7th day of March, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] Plaintiff has filed other documents with the court, (DE ## 11–14), which are unrelated to the instant action and do not seek any affirmative relief from the court. Thus, the court finds it proper to dismiss the entire action notwithstanding these recent filings.

3